IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE SECILIA, | Civil Division |
| Plaintiff, | No. |
| v. | |
| BOROUGH OF MT. OLIVER, PENNSYLVANIA, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Christine Secilia, by and through undersigned counsel files this Civil Complaint alleging as follows:

### I. Jurisdiction

1. The jurisdiction of the Court invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§1331 and 1343(a)(4) and the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Plaintiff has satisfied all procedural and administrative prerequisites to suit under Title VII, in that:

   a. She filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission on November 15, 2006 alleging gender discrimination and retaliation and cross filed with the Pennsylvania Human Relations Commission on November 20, 2006;

   b. The EEOC issued a Notice of Right to Sue on November 20, 2007;

   c. This Complaint is filed within 90 days of receipt of that notice; and

   d. More than one year has lapsed since the date Plaintiff filed her PHRC complaint.

1

3. Defendant Borough of Mt. Oliver Pennsylvania, is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), in that it employs more than 15 individuals.

## II. Parties

4. Plaintiff is an adult individual residing at 310 Wilbur Street, Pittsburgh, PA 15210.

5. Defendant Borough of Mt. Oliver, is a political subdivision of the Commonwealth of Pennsylvania with a place of business located at 150 Brownsville Road, Pittsburgh, PA 15210.

## III. Factual Background

6. Secilia has been employed by Defendant since August 26, 2003. Secilia currently holds the position of Police Sergeant but was required at times to performs the duties of a Dispatcher/Secretary, because she is a woman.

7. During Secilia's employment with Defendant, she was repeatedly subjected to unwelcome sexual comments and touching by Mt. Oliver political officials and her co-workers.

8. Secilia complained about the inappropriate comments and touching to Defendant's management but appropriate remedial measures were not taken.

9. Indeed, Defendant took no action to stop the inappropriate conduct.

10. Because Plaintiff did not welcome the sexual advances, Defendant retaliated against her by giving her additional duties which require her to stay in the office.

## Count I
## Title VII
## Gender Discrimination

11. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 10 as if fully restated here.

12. Defendant discriminated against Secilia in the terms, conditions and privileges of

employment because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1).

13. Defendant's violation of Title VII was undertaken with malice or reckless indifference to her federally protected right to not be discriminated against because of her sex.

14. As a direct and proximate result of Defendant's discrimination of Secilia because of her sex, she has suffered, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Secilia demands judgment against Defendant and the following relief:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII.

b That Defendant be ordered to not segregate its workforce by gender;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII.

e. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII.

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grant Secilia additional relief as may be just and proper.

## Count II
## Title VII
## Retaliation

15. Plaintiff incorporates by reference the allegations in paragraphs 1 through 14, as if fully restated.

16. Defendant discriminated against Secilia because she opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1).

17. Defendant's discrimination of Secilia was undertaken with malice and/or reckless indifference to Secilia's federally protected right to oppose sex discrimination and sexual harassment.

18. As a direct and proximate result of Defendant's actions, Plaintiff sustained lost wages, as well as emotional distress, inconvenience and humiliation.

WHEREFORE, Secilia demands judgment against Defendant and the following relief:

   a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII.

   b That Defendant be ordered to not segregate its workforce by gender;

   c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

   d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII.

   e. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII.

   f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

4

g. That the Court grant Lee additional relief as may be just and proper.

g. That the Court grant Lee additional relief as may be just and proper.

### Count III
### PHRA

19. Plaintiff incorporates by reference the allegations in Paragraph 1 to 17, as if fully restated.

20. Defendant's discrimination of Secilia violated the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) et seq.

21. As a direct result of Defendant's violation of the PHRA, Secilia has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Secilia requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b That Defendant be ordered not segregate its workforce by gender;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grant Secilia additional relief as may be just and proper.

Respectfully submitted,

**OGG, CORDES, MURPHY & IGNELZI**

/S/ Samuel J. Cordes
Samuel J. Cordes
John E. Black, III

Pa.I.D. #54874 (Cordes)
Pa.I.D. #83727 (Black)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorneys for Plaintiff