IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE SECILIA, | Civil Action No. 08-208 |
| Plaintiff, | Judge Fischer |
| v. | |
| BOROUGH OF MT. OLIVER, PENNSYLVANIA, | |
| Defendant. | JURY TRIAL DEMANDED |

## MOTION TO STRIKE OFFER OF JUDGMENT

### I. Introduction and Factual Background

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. Plaintiff, Christine Secilia alleges she was subjected to sexual harassment and retaliation for opposing this illegal conduct. Defendant denies these allegations.

2. On June 10, 2008, pursuant to Fed.R.Civ.P. 68, defense counsel forwarded an Offer of Judgment to Plaintiff's counsel.

3. Defendant's Offer of Judgment states in relevant part:

   Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff, Christine Secilia is hereby served with an offer to allow judgment to be taken against BOROUGH OF MT. OLIVER, PENNSYLVANIA, in the aggregate amount of (amount redacted) **inclusive of all claims including, but not limited to back pay, compensatory damages, and punitive damages, set forth in the Plaintiff's pleadings in the within case and other claims,** *whether stated or unstated, which might have been brought in Plaintiff's Complaint.*

   This Offer of Judgment is made for the purposes of specified in Rule 68, and is not to be construed either as an admission that Defendant is liable in this action, or that Plaintiff has suffered any damage. **This Offer of Judgment is conditioned upon the Plaintiff's acknowledgment that the Defendant has made no admission of liability or wrongdoing,** *and that Plaintiff and her counsel further agree to keep confidential the terms of the Offer of Judgment and/or Judgment, other than to the extent the Judgment may become part of the record pursuant to Rule 68, and to the extend that the terms of the Offer of Judgment and/or Judgment are subject to the Right-to-Know law.*

   In addition to the foregoing offer, Plaintiff may petition the Court for recovery of reasonable and necessary counsel fees and costs recoverable under 42 U.S.C. §1988

in conjunction with the within civil action.  *See* Exhibit 1 (emphasis added).[1]

4.     Since Defendant's Offer of Judgment impermissibly contains a confidentiality clause not contemplated by Rule 68 it is an invalid offer.  Likewise, Defendant's Offer of Judgment does not comply with Rule 68 because it seeks to extinguish claims Secilia could have brought in addition to those she actually brought.  Secilia, through her counsel now moves to strike Defendant's Offer of Judgment.

## II. Argument

5.     "[T]he proper relief for an impermissibly coercive Offer of Judgment is to vacate rather than reform that offer."  Seamans v. Focus on Renewal-Sto Rox Neighborhood Corp., 2007 WL 184800 *1(June 22, 2007, W.D.Pa. ) *citing* Freeman v. B&B Assoc., 790 F.2d 145, 151-152 (D.C. Cir. 1986).

6.     Accordingly, a party may move the Court to invalidate an Offer of Judgment which the party does not believe to be a proper exercise of  Rule 68.  *See*, Seamans, 2007 WL 184800 at *1.     7.     It is well established that an Offer of Judgment must be "unconditional." Id., 12 Fed. Prac. Proc. Civ. 2d §3002 (Wright & Miller 2006); 20 C.J.S. §40 (2006).

8.     While a party making an offer of judgment is not required to admit liability in its Offer of Judgment, it may not use the offer impose conditions outside the scope of Fed.R.Civ.P. 68 on the other party. *See*  Seamans 2007 WL 184800 *1; McCauley v. Trans Union, LLC, 402 F.3d 340, 341-42 (2d Cir. 2005).

9.     In Seamans, Judge Caiazza invalidated an Offer of Judgment that, like this offer, also sought to extinguish claims that were not brought in the plaintiff's lawsuit.  Seamans 2007 WL 184800 at *1.  Judge Caiazza recognized Defendant's Offer of Judgment was improper because under Rule 68 a party may only make an offer regarding claims "which judgment may be finally obtained."  Id., *citing* Fed.R.Civ.P. 68.  Since the Plaintiff's administrative claims were not part of the federal lawsuit, Defendant's Offer of Judgment seeking to resolve those claims in addition to

---

[1] The monetary amount offered has been redacted from the Offer of Judgment for the purpose of this Motion.

those in the lawsuit was an impermissible use of Rule 68. <u>Seamans</u>, 2007 WL 184800 at *1. Here, Defendant also impermissibly seeks to use its Rule 68 offer to resolve claims Plaintiff could have brought, not just those pleaded in the lawsuit. (Exhibit 1). Accordingly, Defendant's Offer of Judgment is invalid because it seeks to extinguish claims which have not been plead. <u>Id.</u>

10. Likewise, Defendant's insertion of a confidentiality provision also renders its offer of judgment invalid. In <u>McCauley</u>, the Second Circuit held an Offer of Judgment containing confidentiality provisions similar to the one here, was not effective because it did not comply with Fed.R.Civ.P. 68. <u>McCauley</u>, 402 F.3d at 341-342. The Court further recognized that any judgment the Plaintiff could obtain would be not subject to any such confidentiality provision. <u>Id.</u> The Court also recognized that there is a value to such a public judgment compared to Defendant's offer which required confidentiality. <u>Id.</u> *See also*, Fed. Prac. & Proc. 2d §3002 (Wright & Miller 2008 update)("An offer that requires a confidential settlement rather than a Court judgment seeks something not authorized by the Rule").

11. Here, Defendant's Offer of Judgment is not valid because it requires Plaintiff to affirmatively do something she would not be required to do if she won a judgment, specifically keep the judgment confidential.

12. Notably, in its Offer of Judgment Defendant states an intention to seek recovery of attorney fees and costs if Plaintiff does not accept its offer. (Exhibit 1).

13. As the Court is aware, Fed.R.Civ.P. 68 allows a Defendant to seek such remedies if the Plaintiff recovers a less favorable judgment than the amount conveyed in the Offer of Judgment. <u>Crossman v. Maroccio</u>, 806 F.2d 329, 333 (1st Cir. 1986), *cert denied* 481 U.S. 1029 (1987); <u>BL Through Lax v. District of Columbia</u>, 517 F.Supp.2d 57, 60 (D.D.C. 2007). This cost shifting procedure highlights the problem with Defendant's Offer of Judgment.

14. Any judgment Secilia would receive, unlike Defendant's Offer, would be public. As the Second Circuit recognized in <u>McCauley</u> there is a value to both the Plaintiff and the public at large in having a judgment be public information. <u>McCauley</u>, 402 F.3d at 341-342. If Secilia would

receive a public judgment less than the monetary amount Defendant has offered, the Court would then be left with an impossible question of determining if such a result was less favorable than if Secilia had accepted Defendant's monetary offer, but was required to remain silent.[2] Since Rule 68 does not allow for Defendant to make an Offer of Judgment contingent on confidentiality, this Court should strike Defendant's Offer of Judgment.

### III. Conclusion

15. As Defendant's Offer of Judgment seeks to absolve Defendant of claims not brought in the lawsuit and explicitly requires confidentiality not contemplated by Rule 68, the Offer of Judgment is invalid and this Court should strike it.

Respectfully submitted,

**OGG, CORDES, MURPHY & IGNELZI**

/S/ John E. Black, III
Samuel J. Cordes
John E. Black, III

Pa.I.D. No. 54874 (Cordes)
Pa.I.D. No. 83727 (Black)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorneys for Plaintiff

---

[2] Defendant seeks the benefit of the cost shifting provision of an Offer of Judgment, but also wants the benefit of negotiated settlement by insisting on confidentiality and attempting to extinguish claims that have not been raised in the lawsuit. Defendant cannot have it both ways. Defendant either needs to make a proper Offer of Judgment or negotiate a settlement with a confidentiality provision which also extinguishes potential claims.

## **CERTIFICATE OF SERVICE**

I hereby certify on this 17th day of June, 2008, I served a copy of the foregoing *Motion to Strike Offer of Judgment* via electronic mail, upon the following:

Patricia Monahan
Marshall Dennehey Warner Coleman
& Goggin
Suite 2900
600 Grant Street
Pittsburgh, PA 15219

/S/ John E. Black, III
John E. Black, III